TIGER CORPORATION, APPELLANT, *v.* CALL, CHIEF, APPELLEE.

(No. 82AP-642—Decided November 30, 1982.)

*Mr. John R. Woodard,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Dominic J. Hanket,* for appellee.

NORRIS, J. Tiger Corporation appeals from an order of the court of common pleas which affirmed an order of the Reclamation Board of Review. The Board of Review had affirmed an order of the Chief of the Division of Reclamation, Department of Natural Resources, who found that Tiger had failed to properly reclaim land it had strip mined, and forfeited a portion of a reclamation performance bond it had posted as a condition of obtaining its strip-mining permit.

The Chief's order included this language:

"FINDINGS OF FACT
"The Chief of the Division of

Reclamation, having given due consideration to the matter contained herein, makes the following Findings of Fact:

"* * *

"The operator has failed to:

"(1) Prevent substantial erosion and deposition of sediment;

"(2) Prevent the discharge of acid water from sediment ponds number two (2) and number three (3);

"(3) Maintain the principal spillway systems of sediment ponds number two (2) and number three (3);

"(4) Maintain sediment pond number two (2) as sediment has accumulated in excess of sixty (60) percent of the design capacity; and

"(5) Large rocks are exposed on the surface of the area.

"* * *

"ORDER

"* * *

"It is hereby ordered that Tiger Corporation has failed to reclaim the eighteen and two tenths (18.2) acres of land affected under Strip Mine Permit Number C-878, which is located on the property of Robert Boz, et al., in Section 8 (T-3, R-5), of Monroe Township, in Muskingum County, in the State of Ohio.

"The Chief of the Division of Reclamation hereby makes the findings that Tiger Corporation has failed to reclaim in a manner required by Chapter 1513. of the Ohio Revised Code, and the eighteen and two tenths (18.2) acres of land affected under Strip Mine Permit Number C-878 at an estimated cost of two thousand one hundred dollars ($2,100) per acre, for and estimated total cost of thirty-eight thousand two hundred twenty dollars ($38,220.00)."

Tiger raises three assignments of error:

"1. Order number 3078 dated December 17, 1980, of the chief and affirmed by the Reclamation Board of Review and affirmed by the Common Pleas Court is contrary to law, R.C. 1513.16(F), in that it fails to make a finding as to the number and location of acres of land, which said operator failed to reclaim.

"2. That order number 3078 dated December 17, 1980, makes the finding forfeiting $38,220.00 of a $52,080.00 certificate of deposit bond leaving $13,860.00 which the state refuses to refund contrary to section 1513.10.

"3. That section 1513.16(B)(5) [sic] is unconstitutional for being vague and illegal delegation of power by the legislature to administrative officer without proper guidelines and that the orders of the chief are based upon said section."

The first assignment of error is not well-taken. Tiger argues that the language of the Chief's order, quoted above, fails to satisfy a requirement of R.C. 1513.16:

"(F) Upon issuing an order * * *, the chief shall make a finding as to the number and location of the acres of land which such operator has failed to reclaim in the manner required by Chapter 1513. of the Revised Code, and the amount of the estimated cost to the state to perform reclamation on such acres as determined by the chief at the time of application.* * *"

Because the order specifies that Tiger failed to reclaim the entire 18.2 acres mined, it does locate with sufficient specificity the land Tiger failed to reclaim. In its appeal to the Reclamation Board of Review, Tiger failed to raise any objection to lack of specificity in the order; instead, it maintained that it had reclaimed the entire 18.2 acres by restoring them to the state that existed before it undertook its mining operation.

The issue raised by Tiger's second assignment of error is not one which may be raised in Tiger's appeal from the orders complained of; if Tiger is entitled to a refund, it should pursue that refund by utilizing other available remedies, since a refund is not an issue under the

posture of this appeal. The second assignment of error is overruled.

In its third assignment of error, Tiger complains that the following statutory language is unconstitutionally vague and amounts to an unconstitutional delegation of legislative authority to an administrative officer:

"(B) While mining and reclaiming, an operator shall:

"* * *

"(6) Prevent pollution or diminution of waters of the state, substantial erosion, substantial deposition of sediment, landslides, accumulation or discharge of acid water, and flooding, restore the recharge capacity of the mined area to approximate premining conditions, and shall maintain ditches, dikes, pumps, and other drainage facilities necessary to prevent acid water from draining into or accumulating in the pit." (R.C. 1513.16.)

It is, of course, a fundamental proposition of constitutional law that the General Assembly may not delegate its legislative power to an administrative officer, and that a law runs afoul of this prohibition if it confers discretion upon the officer without establishing standards for his guidance. *Matz* v. *J. L. Curtis Cartage Co.* (1937), 132 Ohio St. 271 [8 O.O. 41]. What is prohibited is delegating power to make a law, which necessarily involves discretion as to what the law should be; conferring authority or discretion as to the execution of a statute, so long as that execution is to be exercised in pursuance of the law, is not forbidden. *C. W. & Z. Rail Road Co.* v. *Commissioners* (1852), 1 Ohio St. 77, at 88.

Here, the authority exercised by the chief was solely the enforcement of the statute pursuant to its terms, and not the adoption of a rule or regulation pursuant to delegated legislative authority. Accordingly, what we properly have before us is not a question of unconstitutional delega-tion of legislative power, but whether the statute in form is unconstitutional by reason of vague or uncertain standards. What we must determine, then, is whether the language quoted above is so vague that it lacks sufficient meaning to be enforceable. See *State* v. *Wallace* (1976), 52 Ohio App.2d 264, at 268 [6 O.O.3d 262].

The Supreme Court provided these guidelines in paragraphs four and five of the syllabus of *Eastman* v. *State* (1936), 131 Ohio St. 1:

"A statute cannot be held invalid for uncertainty if any reasonable and practical construction can be given to its language; mere difficulty in ascertaining its meaning, or the single fact that it is susceptible of different interpretations will not necessarily render it nugatory; it is the duty of courts to endeavor by every rule of construction to ascertain the meaning of and give full force and effect to, every enactment of the General Assembly not obnoxious to constitutional prohibition.

"Words in common use will be construed in their ordinary acceptation and significance and with the meaning commonly attributed to them."

We conclude that the language used consists of words in common use which may be construed in their ordinary acceptation and significance with the meaning commonly attributed to them in the mining and reclamation industry to give them sufficient meaning to be enforceable. The third assignment of error is overruled.

The assignments of error are overruled, and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and REILLY, J., concur.